IN THE UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY RUSH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 1:21-cv-137-LG-JCG |
| | * | |
| WAL-MART STORES, INC. | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified as "Wal-Mart Stores, Inc., "  gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Jackson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division.  As grounds for this removal, Defendants show as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Jackson County, Mississippi, entitled "*Jeremy Rush,* Plaintiff *v. Wal-Mart Stores, Inc."* Civil Action No.  30CI1:21-CV-00040-DH.  The State Court File is attached hereto as "Exhibit A".

2. According to the Circuit Clerk's office for the Circuit Court of Jackson County, Mississippi, service of the initial pleading setting forth Plaintiffs' claims for relief was affected upon Wal-Mart on March 30, 2021, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, after receipt by the Defendant of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Jackson County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In his Complaint, Plaintiff states that she is a resident of Mississippi. (Complaint, ¶ 1.)

6. Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times

material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7. Plaintiff's Complaint seeks unspecified actual/compensatory damages for personal injuries to Plaintiff, Jeremy Rush, including "headaches, chronic low back pain, lumbar strain, and intermittent leg/arm numbness", medical expenses associated with his, pain and suffering, mental anguish, disability, and loss of enjoyment of life. (Complaint, ¶s 4 and 7). Plaintiff's Complaint also seeks punitive damages. (Complaint, unnumbered paragraph following ¶ 7). "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct.

25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85(5th Cir. 1993); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)). Diversity is complete, and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

8. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

9. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Jackson County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

10. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this 22nd day of April, 2021.

                                             */s/ W. Pemble Delashmet*
                                             W. PEMBLE DELASHMET (MS 8840)
                                             wpd@delmar-law.com
                                             CHAD C. MARCHAND (MS 102752)
                                             ccm@delmar-law.com
                                             MIGNON M. DELASHMET  (MS 2896)
                                             mmd@delmar-law.com
                                             Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:      (251) 433-1578

CERTIFICATE OF SERVICE

      I hereby certify that I have on this day April 22, 2021, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed and/or via electronically filing same:

Jim Davis
Post Office Box 1839
Gulfport, MS  39502

                                                                  */s/ W. Pemble DeLashmet*
                                                                  OF COUNSEL